United States District Court
Southern District of Texas
**ENTERED**
April 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| YURI JESSENIA ZUNIGA-DIAZ | § | |
| Movant | § | |
| | § | |
| | § | CIVIL ACTION NO. M-16-307 |
| vs. | § | |
| | § | CRIMINAL NO. M-15-806-1 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| Respondent | § | |

## REPORT & RECOMMENDATION

Movant, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. Entry No. 1.) This case was referred to the undersigned for report and recommendation. Respondent was not ordered to file a response. This case is ripe for disposition on the record.

After careful review of the record and relevant law, the undersigned respectfully recommends that Movant's section 2255 motion be summarily **DENIED** and **DISMISSED** with prejudice because Movant's claim is procedurally defaulted and lacks merit and the case be closed.

### I. JURISDICTION

The Court has jurisdiction over the subject matter and parties. *See* 28 U.S.C. § 2255.

### II. BACKGROUND

On July 24, 2015, Movant pleaded guilty, without a plea agreement, to being found in the United States after previous deportation in violation of 8 U.S.C. § 1326(a)–(b). (Crim. Dkt. Entry

No. 17.) On October 8, 2015, this Court sentenced Movant to a term of 36 months in the custody of the Bureau of Prisons. (*Id.*) The Court did not impose a term of supervised release. (*See id.*) Movant was represented by an Assistant Federal Public Defender.

Movant did not file a direct appeal. Movant timely filed this § 2255 action on or around June 2, 2016. (Dkt. Entry No. 1 at 12.)[1]

### III.  SUMMARY OF MOVANT'S PLEADING

Movant proceeds pro se. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Pleadings filed by a pro se litigant are entitled to a liberal construction. *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 n.16 (5th Cir. 1996)).

The undersigned construes Movant's motion to include the following claim. Movant argues that *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness) implicates her sentence. She also argues that *Johnson*'s holding has been applied as well to the career offender Guideline and 18 U.S.C. § 16(b). She seeks sentencing relief because of the way the Court calculated her sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii), as it relates to crimes of violence, under the holding of *Johnson* and 18 U.S.C. § 16(b). (Dkt. Entry No. 1-1 at 1–7.)

### IV.  APPLICABLE LAW & ANALYSIS

The undersigned concludes that Movant is not entitled to relief. First, this claim is procedurally defaulted. Movant was sentenced *after* the decision in *Johnson*. The case was available to her at the sentencing hearing in the district court. Further, Movant did not appeal.

---

[1] Page numbers refer to the electronically-assigned (PDF) page numbers via CM-ECF.

Movant could have raised this claim on direct appeal, but did not, which means her claim is procedurally defaulted. *See United States v. Frady*, 456 U.S. 152, 168 (1982) (explaining that if a prisoner fails to raise on direct appeal a claim that could have been raised and disposed of in a direct appeal, that prisoner may not present that issue for the first time on collateral review in a § 2255 motion without showing both "cause" and "actual prejudice" resulting from the error). Movant does not allege or demonstrate cause or actual prejudice to overcome the default. Movant also does not allege or demonstrate that this alleged error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice (*i.e.,* actual innocence). *See, e.g., United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (listing this as a proper basis for excusing a default).

Second, the claim lacks merit because the actual holding in *Johnson* itself does not apply to Movant's crime or sentence enhancement. Movant was not convicted under the Armed Career Criminal Act, nor was her sentencing enhancement related to it. Also, Movant is mistaken when she argues that *Johnson* has been extended or applied, at least in the Fifth Circuit, to Sentencing Guideline 2L1.2(b)(1)(A)(ii). *Cf. United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc) (holding, in a different context, that "18 U.S.C. § 16(b) is not unconstitutionally vague").

Movant's sentence was calculated under the 2014 Guidelines. Section 2L1.2(b)(1)(A) provides that:

> If the defendant previously was deported, or unlawfully remained in the United States, after – (A) a conviction for a felony that is (I) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points under

      Chapter Four or by 12 levels if the conviction does not receive criminal history points.

U.S.S.G. § 2L1.2(b)(1)(A).

      Under the Guideline Commentary, a "crime of violence" as used in Section 2L1.2(b)(1)(A) means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another. U.S.S.G. § 2L1.2, cmt. n.1(B)(iii).

      As recently explained by the Fifth Circuit, to qualify for the enhancement under § 2L1.2(b)(1)(A)(ii), the crime of conviction must fall within one of two discrete categories of offenses. The first is a list of enumerated offenses in the commentary, while the other falls under the "catch-all" provision, which defines a crime of violence as an "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." *United States v. Hernandez-Hernandez*, 817 F.3d 207, 211 (5th Cir. 2016) (quotations and citations omitted).

      Movant's PSR assessed her 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii), in connection to 11 convictions in Florida involving: Robbery/Armed/Firearm or Deadly Weapon in Counts 1 through 3; Burglary/with Assault or Battery/Armed in Counts 4 through 6; Battery/Aggravated/with a Deadly Weapon in Count 7; and False Imprisonment/Deadly Weapon in Counts 9 through 11.

(PSR ¶ 16.) There is no indication in the record that Movant's +16 enhancement was related to any "residual clause" or catch-all provision that was misapplied or has been held to be unconstitutional.

Between her total offense level of 22 and criminal history category of VI, Movant's Guideline range was 84 to 105 months. The record reflects that the AFPD successfully argued for a reduced sentence on a number of grounds. First, he objected that the 16-level enhancement was excessive because all of the related Florida charges arose out of the same criminal incident, and he asked the Court to depart downward under U.S.S.G. §5K2.0(a)(3) and Application Note 7 of U.S.S.G. § 2L1.2. Counsel also argued that the criminal history was over-represented for similar reasons. At sentencing, the Court granted a variance that resulted in a 37-month sentence.

In sum, Movant's claim is procedurally defaulted without excuse, lacks substantive merit, and her reliance on the cases cited in her brief is misplaced. Lastly, the record does not reflect that counsel was ineffective at sentencing, to the extent Movant's claim could be construed in such a way.

## V. CONCLUSION

### *Recommended Disposition*

After careful review of the record and relevant law, the undersigned respectfully recommends that Movant's section 2255 motion be summarily **DENIED** and **DISMISSED** with prejudice for the reasons explained in this Report and the case be closed.

The undersigned also respectfully recommends that the District Court deny a Certificate of Appealability. The undersigned finds that the record supports the conclusion that Movant fails to show: (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong" or (2) that reasonable jurists would find "it debatable whether the petition states

a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C. § 2253(c)).

*Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to the parties by any receipted means.

**DONE** at McAllen, Texas, this 25th day of April, 2017.

*Dorina Ramos*
Dorina Ramos
UNITED STATES MAGISTRATE JUDGE